IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| HEARD FARMS, INC., | Case No. 6:24-cv-01696-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| FRANZENBURG LLC, | |
| Defendant. | |

MCSHANE, Judge:

Plaintiff Heard Farms, Inc. brings this property damage action against Defendant Franzenburg LLC, asserting claims for breach of contract, negligence, and unlicensed contractor. Notice Remov. Ex. 1, ECF No. 1.[1] Defendant now moves for summary judgment against Plaintiff's unlicensed contractor claim. Def.'s Mot. Summ. J., ECF No. 11. Because Plaintiff has not responded, the Court evaluates the Motion based on the Complaint, Defendant's brief, and Defendant's declarations. The Court GRANTS the Motion for the reasons discussed below.

## **BACKGROUND**

Plaintiff is an Oregon corporation that converts waste into fertilizer using a centrifuge. Def.'s Mot. 2. Defendant is an Iowa company that rebuilds, repairs, and sells centrifuges. Am. Tracy Decl. ¶¶ 2–3, ECF No. 13. It can be said without irony that this case revolves around a

---

[1] Plaintiff initiated this action in Douglas County Circuit Court on July 19, 2024, and served Defendant on September 6, 2024. Notice Remov. 2. Defendant timely removed the action to this federal court based on diversity jurisdiction. *Id.* at 3–4.

1 – Opinion and Order

centrifuge.

In February 2022, Plaintiff sent its centrifuge to Defendant's facility in Iowa for repairs. *Id.* at ¶¶ 7–10. Defendant returned it to Plaintiff the following June, but within roughly one week of its arrival, Plaintiff notified Defendant that one of the components had been contaminated by sand. *Id.* at ¶¶ 11–12. Defendant took the component back, corrected the issue under warranty, and returned it to Plaintiff in October. *Id.* at ¶¶ 13–15. Eight months later, Defendant traveled to Plaintiff's facility in Oregon to advise Plaintiff on the centrifuge's oil system. *Id.* at ¶¶ 16–17. Plaintiff had not yet installed the centrifuge or completed the on-site infrastructure required to install it. *Id.* at ¶¶ 18–19. Consequently, Defendant did not perform any work on Plaintiff's buildings or structures during that visit, nor was that the purpose of the visit. *Id.* at ¶ 20.

It's unclear what, if anything, transpired between the parties following that visit. But approximately one year later, Plaintiff initiated this action against Defendant alleging negligence and breach of contract in relation to the contamination that occurred while the centrifuge was in Defendant's possession. In its Third Claim, Plaintiff also asserts that "Defendant is not registered with the Oregon Secretary of State or with the Oregon Construction Contractors Board, and is liable for attorney fees under ORS 701.128." *See* Notice Remov. Ex. 1, at ¶ 7. Defendant moves for summary judgment on this claim arguing that Defendant was not required to register with the Oregon Secretary of State or Construction Contractors Board and that Plaintiff has failed to offer any evidence to support this claim under ORS 701.128. The Court agrees.

## **LEGAL STANDARD**

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears an initial burden to show the absence of a genuine issue of

material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met its burden, the non-moving party must then present "specific facts showing that there is a genuine" dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)). The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)).

## DISCUSSION

ORS 701.128 creates a cause of action "for damages *for misrepresentation*." ORS 701.128 (emphasis added). Specifically, it allows a court to award attorney fees where a "person suffered costs or damages as a result of an individual providing a false or invalid Construction Contractors Board number or otherwise misleading a person with respect to licensure with the board." *Id.* Here, Defendant is correct to point out that Plaintiff proffers zero evidence indicating that Defendant misrepresented Construction Contractors Board ("CCB") licensure. The Complaint does not allege that Defendant gave Plaintiff a false or invalid CCB number, nothing on the record indicates that Defendant mislead or represented that it had a CCB number when it did not, and frankly, nothing before the Court establishes that Defendant was required to have a CCB license when it did not.

Plaintiff's adjoining allegation that "Defendant is not registered with the Oregon Secretary of State" is legally incognizable for the same reason. ORS 701.128 makes no mention of the Oregon Secretary of State; it creates a cause of action for misrepresenting one's CCB licensure.

However, even if Plaintiff had pointed to some applicable cause of action, Defendant was not required to register with the Oregon Secretary of State based on these facts. The record demonstrates that Defendant primarily conducted business in Iowa, with the exception of one visit to Oregon for advisement purposes. Defendant's business in Oregon therefore falls within an exception for "an isolated transaction that [was] completed within 30 days and [was] not one in the course of repeated transactions of a like nature." *See* ORS 60.701(j). Accordingly, Defendant was not required to register with the Oregon Secretary of State. Plaintiff provides no argument to the contrary.

The Court does not reach Defendant's third argument contending that it did not act as a "contractor" within the meaning of ORS Chapter 701. Although Plaintiff provides no opposition to that line of reasoning, the Court does not find the record developed enough to answer the question and adequate independent grounds for dismissal exist, obviating the Court's need to.

## CONCLUSION

Because Plaintiff has failed to provide any arguments or evidence in support of its Third Claim for Relief, no dispute of fact exists, and Defendant is entitled to judgment as a matter of law on that Claim. The Court GRANTS Defendant's Motion for Summary Judgment, ECF No. 11, accordingly.

IT IS SO ORDERED.

DATED this 9th day of July 2025.

                                          ___s/Michael J. McShane_____
                                                Michael McShane
                                            United States District Judge