IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| HEARD FARMS, INC., | Case No. 6:24-cv-01696-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| FRANZENBURG LLC, | |
| Defendant. | |

___

MCSHANE, Judge:

Plaintiff Heard Farms, Inc. filed this action against Defendant Franzenburg LLC, asserting three claims for relief: breach of contract, negligence, and unlicensed contractor. Notice Remov. Ex. 1, ECF No. 1 ("Compl.").[1] Previously, the Court granted summary judgment against Plaintiff's unlicensed contractor claim, finding that no genuine dispute of material fact existed after Plaintiff failed to respond to the motion. Op. & Order, ECF No. 14. Now, Plaintiff moves the Court to reconsider that Order in light of Plaintiff's late-filed response. Pl.'s Mot. Recon., ECF No. 16.[2]

For the reasons discussed below, the Court GRANTS Plaintiff's Motion for Reconsideration but again GRANTS Defendant's Motion for Summary Judgment.

___

[1] Plaintiff initiated this action in Douglas County Circuit Court on July 19, 2024, and served Defendant on September 6, 2024. Notice Remov. 2. Defendant timely removed the action to this federal court based on diversity jurisdiction. *Id.* at 3–4.

[2] With its Motion to Reconsider, Plaintiff included a revised Declaration of Heard Farms' president, Richard Heard, and a Response to Defendant's Motion for Summary Judgment. *See* Pl.'s Mot. Ex. 2 (Heard Declaration); Ex. 3 (Plaintiff's Response).

1 – Opinion and Order

**BACKGROUND**.

In early 2022, Plaintiff, an Oregon corporation, purchased a pre-owned centrifuge to use at its water treatment plant in Roseburg, Oregon. Pl.'s Mot. Ex. 2, at 1; Rose Decl. Ex. 1, at 3, ECF No. 18. The centrifuge serves as a critical part of Plaintiff's dewatering facility, where it spins wastewater until it separates into useable filtrates and solids. Pl.'s Mot. Ex. 2, at 2. When operational, the centrifuge sits inside an outer body that is mounted to a platform on top of four concrete pillars and a concrete base. *Id.* At its center is a two-by-sixteen-foot rotating cylinder, sometimes called the "rotating assembly" or "rotating unit." *Id.*

Defendant is an Iowa company that rebuilds, repairs, and sells centrifuges. Am. Tracy Decl. ¶¶ 2–3, ECF No. 13. Shortly after the purchase, Plaintiff sent its centrifuge to Defendant for maintenance and refurbishing. *Id.* at ¶ 7. Their agreement was to proceed as follows: after the repairs were complete, Plaintiff would set the case of the machine on its base and complete the initial set-up of the controls, and then, at the shared expense of both parties, Defendant would send a technician to Plaintiff's plant to assist with installing the rotating assembly in the main frame. Pl.'s Resp. Ex. 2, at 4, 5; *see also* Rose Decl. Ex. 1, at 3, 8. The centrifuge arrived at Defendant's facility in pieces on February 13, 2022. Am. Tracy Decl. ¶ 8. Defendant completed the renovations and shipped the pieces back to Plaintiff the following June. *Id.* at ¶ 11. However, when they arrived, Plaintiff noticed that one of the components had been contaminated with sand while in Defendant's possession. *Id.* at ¶ 12. Plaintiff sent it back on August 10, 2022, and Defendant fixed the issue under warranty before returning it to Plaintiff on October 28, 2022. *Id.* at ¶¶ 13–15. The parties continued according to the plan; Plaintiff poured the concrete base and hired a company to build the control panels. Rose Decl. Ex. 1, at 3, 10. In May 2023, Plaintiff informed Defendant that the surrounding infrastructure was ready, and Defendant responded that they would schedule a

technician. *Id.* at 4, 17. From June through September of 2023, Defendant traveled to Plaintiff's facility four times while the centrifuge was exhibiting ongoing issues. Pl.'s Resp. Ex. 2, at 3. During those visits, Defendant provided feedback on the centrifuge's apparent defects but did not perform any work on Plaintiff's buildings or structures. Am. Tracy Decl. ¶¶ 16, 20.

Because the centrifuge remained inoperable, Plaintiff eventually hired a separate centrifuge repair person in February 2024. Pl.'s Mot. Ex. 2, at 7. Plaintiff contends that the repairs cost $25,886.75 and resulted from Defendant's failure to properly renovate the centrifuge. *Id.* Plaintiff subsequently filed its Complaint, alleging that Defendant acted negligently and in breach of their contract when it damaged the centrifuge at its facility in Iowa. *See* Compl. ¶¶ 1–6. In its Third Claim, Plaintiff additionally asserted that Defendant is liable for attorney fees because it is not registered with the Oregon Secretary of State or with the Oregon Construction Contractors Board. *Id.* at ¶ 7. The instant dispute is limited to the Third Claim.

On June 2, 2025, Defendant moved for partial summary judgment on Plaintiff's Third Claim; Plaintiff never filed a response. Def.'s Mot. Summ. J. 2, ECF No. 11. The Court granted the motion on July 8, 2025, and then on July 15, Plaintiff moved this Court to reconsider that Order, explaining that Plaintiff's counsel had intended to file a response to the motion but inadvertently failed to do so. *See* Pl.'s Mot. Ex. 1. In his Declaration, Plaintiff's counsel explains that he prepared and served an unfiled response and declaration on Defendant's counsel on July 7, 2025—two weeks after Plaintiff's response was due. *Id.* at 1–2; *see also* Rose Decl. ¶ 4. Plaintiff's counsel, however, failed to electronically file it with the Court or otherwise notify the Court of its existence. *Id.* Because Plaintiff hopes to re-open the question of summary judgment, Defendant, in turn, has filed a Response opposing reconsideration and a Reply in support of its prior motion. Def.'s Resp., ECF No. 17; Def.'s Reply, ECF No. 19.

**DISCUSSION**

The Court resolves the Motions as follows.

**I. Reconsideration**

To alter or amend a final judgment is "an extraordinary remedy" and must be used "sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Under Federal Rule of Civil Procedure 59(e), reconsideration is appropriate only if a court (1) committed a "manifest[] error of law," (2) precipitated a "manifest injustice," (3) is presented with "newly discovered or previously unavailable evidence," or (4) learns about an "intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491–92 (9th Cir. 2016) (citations omitted).

Here, Plaintiff does not argue that any of the above-mentioned circumstances apply to this situation. *See* Pl.'s Mot. 1. Rather, Plaintiff's counsel takes responsibility for failing to timely respond to Defendant's motion and requests this Court consider Plaintiff's belated Response now. Defendant opposes, arguing that there is no legal basis for this Court to reconsider its decision. Def.'s Resp. 1. Further, Defendant highlights that the Heard Declaration filed by Plaintiff in conjunction with its Motion differs from the declaration that Plaintiff originally served on Defendant. *Compare* Pl.'s Mot. Ex. 2, at 3–8 *with* Rose Decl. Ex. 1, at 3–5. The version that Plaintiff chose to file—which contains revised statements—had the added advantage of reviewing the Court's Order granting summary judgment prior to submission.

Although Defendant is correct, the Court finds no utility in evaluating a summary judgment motion on less evidence. The two declarations are largely the same, and the portions that differ do not concern facts material to the outcome of these Motions. Further, because the Court's conclusion remains the same that Defendant is entitled to summary judgment on the Third Claim,

the Court does not find that considering Plaintiff's late submission will unduly prejudice Defendant.

Preferring to resolve the matter on the substantive motions, the Court agrees to grant Plaintiff's request to reconsider its Order in light of Plaintiff's recent filings. As explained below, however, Plaintiff's Response still fails to establish a question of fact, so the Court again grants summary judgment in Defendant's favor.

## II. Summary Judgment

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears an initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met its burden, the non-moving party must then present "specific facts showing that there is a genuine" dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)). The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)).

Here, the dispute is limited to Plaintiff's Third Claim. It alleges:

> "Defendant is not registered with the Oregon Sectary of State or with the Oregon Construction Contractors Board and is liable for attorney fees under ORS 701.128."

Compl. ¶ 7. Plaintiff has since admitted that Defendant was not required to register with the Oregon Secretary of State. *See* Pl.'s Mot. Ex. 3, at 3. That allegation is therefore dismissed. What remains is whether Plaintiff's claim for attorney fees under ORS 701.128 can survive summary judgment. The Court concludes it cannot.

ORS 701.128 creates a "[s]uit for damages *for misrepresentation*." ORS 701.128 (emphasis added). It provides:

> If any person suffered costs or damages as a result of an individual providing a false or invalid Construction Contractors Board ["CCB"] number or otherwise misleading a person with respect to licensure with the board, that person may bring suit in a court of competent jurisdiction to recover damages. The court may award reasonable attorney fees to the prevailing party in an action under this section.

*Id.* Defendant moved for summary judgment on the Third Claim, arguing that here, (1) Plaintiff has presented no evidence that Defendant provided a false or invalid CCB number or otherwise misrepresented its CCB license status to Plaintiff and (2) Defendant cannot be considered "a contractor" as defined under ORS 701.128. Def.'s Mot. 5–7.

With respect to Defendant's first argument, Plaintiff's only response is confusing. Plaintiff reiterates Defendant's "admission" that there is no evidence to support this claim and then states: "This is [Defendant's] problem. [Plaintiff] is not required to provide any opposing evidence." Pl.'s Mot. Ex. 3, at 2. It should go without saying, Plaintiff is required to provide evidentiary support for its claims. What's more, given that this Court's prior decision to grant summary judgment was based almost entirely on Plaintiff's failure to identify any supporting evidence, its puzzling that Plaintiff elected not to substantively engage with this argument. Indeed, ORS 701.128 creates a damages claim against a person who provides a false or invalid CCB license number or misleads one regarding that licensure. Here, Plaintiff proffers zero evidence that could support an inference

6 – Opinion and Order

that Defendant mislead Plaintiff with respect to CCB licensure. Nothing on the record indicates that Defendant represented itself as having a valid CCB license, nor that Defendant—a company based in Iowa—typically does construction contractor work in Oregon and would be expected to have a CCB license number. Plaintiff does not allege to have seen any CCB number on any of the plans or to have stipulated to that being requirement in the parties' agreement which Defendant signed anyway. In fact, the only exhibit offered by Plaintiff is the Heard Declaration, which merely disputes specific pieces of Defendant's version of event. *See* Pl.'s Mot. Ex. 2, at 3 (Defendant stated it came to Oregon once; Plaintiff asserts Defendant came four times); at 4 (Defendant stated that the sole purpose of its visits was to advise Plaintiff on the centrifuge's oil system; Plaintiff contends all visits were related to the installation of the centrifuge); at 5–6 (Defendant stated that it did not install the centrifuge; Plaintiff asserts Defendant did).[3] Even accepting Plaintiff's characterization of the events and construing the allegations in Plaintiff's favor, no facts have been alleged that would allow the Court to infer that Defendant may have misrepresented or mislead Plaintiff with respect to CCB licensure. Without any evidence or even allegations of damages that resulted from Defendant misleading Plaintiff, Plaintiff cannot recuperate attorney fees for misrepresentation.

On Defendant's second argument, Plaintiff provides slightly more resistance. Plaintiff argues that summary judgment is improper as to the Third Claim because a dispute of fact exists in relation to whether Defendant acted as a "contractor" within the meaning of ORS 701.128. For a few reasons, this argument fails to change the Court's prior holding. First, as explained, Plaintiff cannot prevail on a claim for misrepresentation without providing any evidence or even allegations of Defendant's alleged misrepresentation. As much was explained in the prior Order, when the

---

[3] Plaintiff provides these statements only in the Declaration of Richard Heard. Counsel did not attach or file the numerous email exhibits and photograph referenced throughout the Declaration.

7 – Opinion and Order

Court declined to engage with Defendant's alternative argument, finding that "adequate independent grounds for dismissal exist, obviating the Court's need to." Op. & Order 4. Setting that deficiency aside, however, Plaintiff still fails to demonstrate a dispute of fact exists as to whether Defendant acted as a contractor such that it was required to possess a CCB license. Under ORS Chapter 701, Oregon's statutory scheme governing construction contractors and contracts, Oregon requires a CCB license anytime a person undertakes, or offers to undertake, or submits a bid to do work "as a contractor." ORS 701.021(1). The term "contractor" refers to "a person that, for compensation or with the intent to sell, arranges or undertakes or offers to undertake or submits a bid to construct, alter, repair, add to, subtract from, improve, inspect, move, wreck or demolish, for another, a building, highway, road, railroad, excavation or other structure, project, development or improvement attached to real estate, or to do any part thereof." ORS 701.005(5)(a). Persons who "perform work peripheral to construction" may be exempt from the licensure requirement, including those "constructing, altering, improving or repairing personal property." ORS 701.010(1). Here, Defendant simply does not fit the statutory definition. The record demonstrates that Defendant performed repairs on component parts of Plaintiff's personal property while it was taken apart in Iowa. Defendant later hired a technician to install the rotating assembly into the mainframe in Oregon and visited Plaintiff's plant for advisement purposes only. Defendant did not perform any structural work, nor was it its role to. Any structural work to the machine (*i.e.*, the cement pillars, foundation, and construction of surrounding infrastructure) was accomplished by Plaintiff or contractors that Plaintiff hired. Plaintiff provides a declaration disputing Defendant's characterization of events, but it does not explain why those events require this Court to construe Defendant's role as a "construction contractor" requiring CCB licensure.

      Because Plaintiff has failed to come forward with any evidence that would create a genuine

dispute of material fact regarding the allegation that Defendant provided false, invalid, or misleading information about having a CCB license, Defendant is entitled to judgment on Plaintiff's Third Claim.

## CONCLUSION

For the reasons provided above, the Court GRANTS Plaintiff's Motion for Reconsideration, ECF No. 16. However, because Plaintiff still fails to demonstrate a genuine dispute of fact as to its Third Claim for Relief, Defendant remains entitled to judgment as a matter of law on that claim. The Court therefore GRANTS Defendant's Motion for Summary Judgment, ECF No. 11, again.

IT IS SO ORDERED.

DATED this 28th day of August 2025.

                                               s/Michael J. McShane\_
                                                    Michael McShane
                                            United States District Judge